IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID SYKES,**

    **Petitioner,**

**vs.**

                               **CASE NO. 4:04cv511-RH/WCS**

**JAMES McDONOUGH,**[1]

    **Respondent.**

    _____/

**REPORT AND RECOMMENDATION**

This is an amended petition for writ of habeas corpus filed by David Sykes pursuant to 28 U.S.C. § 2254. Doc. 8. Petitioner challenges his conviction for armed robbery with a deadly weapon, kidnapping, possession of a firearm by a convicted felon, and grand theft of a firearm in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2002CF3280A1. Respondent filed an answer, doc.

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

12-1, and the record as four attachments, docs. 12-2 through 12-4. Petitioner filed a traverse, doc. 13.

**Procedural History**

Petitioner entered a nolo contendere plea. In exchange for that plea, Petitioner was not sentenced as a prison releasee reoffender and he received an agreed 20 year prison sentence. He filed a FLA. R. CRIM. P. 3.850 motion and appealed the denial of that motion. Respondent concedes that the petition is timely. Doc. 12-1, p. 7.

**Section 2254 Standard of Review**

For claims which were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); 321 F.3d at 1322 (citing the statute). Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146 L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing Williams). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court precedent. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850. Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. Petitioner has a heavy burden to establish the deficient performance prong of Strickland, by showing that "no competent counsel would have taken the action that his counsel did take." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). There are no rigid requirements, or absolute duty to investigate a particular line of defense. Id.

> Indeed, "[c]onsidering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."

261 F.3d at 121 (citations omitted).

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068. In the context of a guilty plea, the first part of the Strickland test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Jackson v. United States, 976 F.2d 679, 681 (11th Cir. 1992), citing United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

Although Strickland explained the performance and prejudice prongs of analysis, "there is no reason . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S.Ct. at 2069. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

If the state court identifies and applies the framework of Strickland in assessing an ineffective assistance claim, its adjudication does not satisfy the "contrary to" language of § 2254(d)(1) even if this court might have applied Strickland differently. Williams, 529 U.S. at 406, 120 S.Ct. at 1520; Bell, 535 U.S. at 698, 122 S.Ct. at 1852. To determine whether the state court's adjudication was an "unreasonable application" of Strickland, Petitioner "must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance . . . . Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." Bell, 535 U.S. at 698-699, 122 S.Ct. at 1852 (*citing* Williams). "[T]he most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Williams v. Taylor, 529 U.S. at 410, 120 S.Ct. at 1522.

**Ground One**

Petitioner contends that count two of the information, the armed robbery count, was defective because it did not allege a taking with intent to permanently deprive the owner of the property. Doc. 8, p. 4. Respondent concedes exhaustion of state court remedies as to this claim.

Case No. 4:04cv511-RH/WCS

The information alleged in count two that Petitioner "did unlawfully take a wallet" and other property by using "force, violence, assault, or putting in fear."  Doc. 12-2, p. 34.[2]  There is no allegation of intent to deprive the owner of the property in count two. This offense is established by FLA. STAT. § 812.13(2)(a), which provides in part:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with *intent to either permanently or temporarily deprive* the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

FLA. STAT. § 812.13(1) (emphasis added).

The trial court rejected this claim.  The court first determined that the information was not so fatally deficient that a motion to dismiss count two would have been granted.  Doc. 12-4, p. 30.  The court also said that while "some argument" could have been made that the information was deficient, it was clear that Petitioner suffered no prejudice.  *Id.*  The court reasoned that since Petitioner agreed to plead guilty for concurrent 20 year sentences for counts one, two and three, Petitioner would still have faced 20 year sentences on counts one and three even if count two had been dismissed.  *Id.*  Finally, the court pointed out that had count two been dismissed, it would have been corrected by an amendment, and thus there was no prejudice to the outcome.  *Id.*, p. 31.

---

[2] The record on appeal on the electronic docket is attached to document 12 as four numbered attachments.  Doc. 12-2 is attachment 1 to doc. 12.  Respondent did not file the paper record.  Page number 34 is the page number of doc. 12-2 on the electronic docket.  This document, like many others, also has the page number of the state record on appeal and its own pagination.  It is clearer to refer to these documents by the numbers assigned on the electronic docket.

Case No. 4:04cv511-RH/WCS

Case 4:04-cv-00511-RH-WCS   Document 14   Filed 05/24/06   Page 7 of 10

Page 7 of 10

In Morris v. State, 428 So. 2d 700 (Fla. 1st DCA 1983), the court held that an allegation that the defendant did "take away by force" is the equivalent in meaning to the term "steals" and the word "steal" implies an intention to deprive the owner of his property. *Id.*, at 700, n. 2. The court found that specific intent was "merely defectively or imperfectly pled." *Id.*, at 700. The court found that the issue was waived, however, as it was challenged on appeal for the first time. *Id.*

Relying on Morris, Kearse v. State, 464 So. 2d 202 (Fla. 1st DCA 1985) noted that "a charging document which substantially but imperfectly charges a crime is not fundamentally deficient," and "[s]uch imperfections should therefore be deemed harmless when not attacked by a motion to dismiss." *Id.*, at 204. The same defect was asserted in Kearse as in Morris and in the case at bar, the lack of an allegation of intent to permanently deprive the owner of the property. *Id.*, at 203.

In State v. LeCroy, 435 So. 2d 354 (Fla. 4th DCA 1983), while the indictment did not allege the intent to permanently deprive the owner of the property, it did allege that the defendant did "feloniously rob, steal and take away." The court held that while "intent to deprive" was an essential element of the crime of robbery, it was error to dismiss this charge because the indictment was in substantial compliance with the law. *Id.*, at 356.

In summary, Petitioner's attorney had no useful tactical purpose to move to dismiss count two of the information. There was little likelihood of success of such a motion. The information alleged that Petitioner did "take" the property using "force, violence, assault, or putting in fear." One does not "take" property by force without the implicit intent to deprive the owner of the property either permanently or temporarily.

Case No. 4:04cv511-RH/WCS

Further, had such a motion been successful, the information would have been promptly amended.  Thus, no attorney error or prejudice to the outcome has been demonstrated. Likewise, Petitioner has not shown that had his attorney moved to dismiss count two of the information, he would have insisted upon going to trial rather than to enter a no contest plea to all counts.  The state court's adjudication of the merits of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

**Ground two**

Petitioner contends that his attorney was ineffective for failing to object to the factual basis underlying his plea to the charges of kidnapping and grand theft of a firearm.  Petitioner contends that the victim consented to come to the house where the robbery occurred.  Doc. 8, p. 4.

Respondent concedes exhaustion of state court remedies as to the kidnapping part of this claim, but not as to grand theft of a firearm.  Doc. 12, p. 20.  Petitioner has now abandoned his claim as to the charge of grand theft of a firearm.[3]  Doc. 13, p. 2. This leaves only the kidnapping part of the claim.

The trial court rejected this claim, relying upon the probable cause affidavit.  Doc. 12-4, p. 31.  As to the kidnapping charge, the court said that Petitioner was "legally incorrect that the State would have had to prove that the [victim] was forcibly taken into

---

[3] It is unclear whether Petitioner intended to argue any claim as to the grand theft of a firearm.  However, it is clear that he has abandoned this portion of the claim.

Case No. 4:04cv511-RH/WCS

or out of the apartment in order for there to have been a legally sufficient kidnaping charge." *Id.*, p. 32.

The officer who filed the probable cause affidavit stated that the victim was enticed by a female to go to her apartment. Doc. 12-4, p. 18. Inside the apartment, the victim was threatened by Petitioner with a handgun. *Id.* The victim tried to leave, but was unable to open the door because it was locked. *Id.* Petitioner choked the victim into unconsciousness. *Id.* The victim awoke 20 to 25 minutes later with his hands tied behind his back and his feet tied to his hands. *Id.*, p. 19.

Petitioner was arrested driving the victim's car. *Id.* The female who was with Petitioner said that she and Petitioner had a plan to lure a person to the apartment and rob him. *Id.*, p. 20. She admitted that Petitioner pointed a pellet pistol at the victim, choked him into unconsciousness, and stole the victim's car and wallet. *Id.* The female said she thought Petitioner was going to kill the victim. *Id.*, p. 21. Petitioner admitted he had just been released from prison, had money troubles, and came up with this robbery plan. *Id.* Later, said Petitioner, he found a handgun in the victim's vehicle in a pocket behind the front passenger's seat. *Id.*, p. 22. He hid it in a hidden compartment in the rear of the vehicle. *Id.*

Kidnapping occurs in part when a person, with intent to commit or to facilitate the commission of a felony, confines another person against his will. FLA. STAT. § 787.01(1)(a)2. "[T]ying someone up constitutes a 'confinement' within the meaning of section 787.01." Berry v. State, 668 So. 2d 967, 969 (Fla. 1996). The factual predicate for a no contest plea to kidnapping was sufficient. Therefore, Petitioner has shown neither attorney error nor prejudice to the outcome. The state court's adjudication of the

merits of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground Three**

Petitioner contends that his attorney was ineffective for failing to raise a double jeopardy claim. He contends that he could not be convicted of both grand theft of a firearm and possession of a firearm as a convicted felon. Doc. 8, p. 5. Petitioner states that he now abandons this claim. Doc. 13, p. 2.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by David Sykes challenging his conviction for armed robbery with a deadly weapon, kidnapping, possession of a firearm by a convicted felon, and grand theft of a firearm in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2002CF3280A1, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:04cv511-RH/WCS